**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Arturo CANTU–COVARRUBIAS,**
**Defendant–Appellant.**

**No. 05–40107.**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 16, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, H. Michael Sokolow, Federal Public Defenders, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM: *

Arturo Cantu–Covarrubias ("Cantu") appeals his sentence following his guilty plea

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

conviction for illegal reentry. First, he argues that his prior burglary-of-a-habitation conviction is not a "crime of violence" supporting the 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). This argument is foreclosed. *See United States v. Garcia–Mendez*, 420 F.3d 454, 456–57 (5th Cir.2005).

Second, Cantu argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Cantu's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Cantu contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Cantu properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Finally, Cantu argues that the district court reversibly erred under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by sentencing him pursuant to a mandatory application of the sentencing guidelines. The Government concedes that Cantu has preserved this issue for appeal. The Government, however, has not shown beyond a reasonable doubt that the error was harmless. *See United States v. Walters*, 418 F.3d 461,

463–64 (5th Cir.2005). Accordingly, Cantu's sentence is VACATED, and this case is REMANDED for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.